IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                              11-CR-392-S

ROGER S. LUCZKOWIAK,

           Defendant.

---



## PLEA AGREEMENT

The defendant, ROGER S. LUCZKOWIAK, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty as follows:

    a. to Counts 1 and 2 of the Indictment charging violations of Title 18, United States Code, Section 2251(a) (Production of Child Pornography), for which the mandatory minimum term of imprisonment for each count is 15 years, and for which the maximum possible sentence on each count is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life; and

    b. to Count 7 of the Indictment charging a violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child Pornography), for which the maximum penalty is 10 years imprisonment, a fine of $250,000, a mandatory $100 special penalty assessment, and a term of supervised release of at least 5 years and up to life.

        c.     The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims' compensable losses as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence

of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

II. **ELEMENTS AND FACTUAL BASIS**

5. The defendant understands the nature of the offenses set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

Counts 1 and 2

    a. The defendant employed, used, persuaded, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such sexually explicit conduct;

    b. The visual depictions were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means; and

    c. The defendant acted knowingly.

Count 7

    a. The defendant knowingly possessed material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8);

    b. That such child pornography had been shipped or transported in interstate or foreign commerce by any means, including by computer, or that such child pornography had been produced using materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer; and

    c. The defendant knew that such material contained child pornography.

**FACTUAL BASIS**

6.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

Count 1

    a.    On or about November 20, 2010, the exact date being unknown, in the Western District of New York, the defendant, ROGER S. LUCZKOWIAK, did knowingly use, persuade, induce, entice and coerce a minor, that is, Victim 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The visual depictions were produced using a Logitech webcam, which was manufactured in China. At the time the visual depictions were produced, Victim 1 had not attained the age of 18 years.

    b.    Specifically, the visual depictions produced by the defendant depict Victim 1 performing oral sex on the defendant and also depict Victim 1 using a white dildo to penetrate her vagina. The visual depictions were located in the form of image files saved on the defendant's Seagate External hard drive recovered from the defendant's residence. The evidence would show that at the time the visual depictions were produced, Victim 1 was a five-year-old female child, who would on occasion be in the custody and care of the defendant. At the time the visual depictions were produced, the defendant engaged in sexual acts with Victim 1, and the offense involved the use of a computer to persuade and induce Victim 1 to engage in sexually explicit conduct.

Count 2

    a.    On or about April 16, 2011, the exact date being unknown, in the Western District of New York, the defendant, ROGER S. LUCZKOWIAK, did knowingly use, persuade, induce, entice and

    coerce a minor, that is, Victim 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The visual depictions were produced using a Logitech webcam, which was manufactured in China. At the time the visual depictions were produced, Victim 1 had not attained the age of 18 years.

 b. Specifically, the visual depictions produced by the defendant depict Victim 1 performing oral sex on the defendant. The visual depictions were located in the form of video files saved on the defendant's HP desktop computer recovered from the defendant's residence. The evidence would show that at the time the visual depictions were produced, Victim 1 was a five-year-old female child, who would on occasion be in the custody and care of the defendant. At the time the visual depictions were produced, the defendant engaged in sexual acts with Victim 1, and the offense involved the use of a computer to persuade and induce Victim 1 to engage in sexually explicit conduct.

Count 7

 a. On or about June 1, 2011, the defendant, while residing in the Western District of New York, knowingly possessed images and videos of child pornography which were stored on his HP desktop computer, Seagate external hard drive, and Philips DVD-R. The defendant obtained these images and videos of child pornography over the internet using peer-to-peer file sharing programs.

 b. Specifically, on or about June 1, 2011, a search warrant was executed at the defendant's residence following an investigation that the defendant was utilizing peer-to-peer file sharing programs to obtain and share child pornography over the internet. Items seized from the defendant's residence that contained child pornography included one HP desktop computer bearing serial number 4CE0331NHB, one Seagate 1 TB hard drive bearing serial number

     9VP89TEF that was installed inside of the HP computer, one Seagate 250 GB external hard drive bearing serial number 2GE24LHT, and one Philips DVD-R. A forensic analysis of these electronic items revealed approximately 599 images and 83 videos of child pornography stored on the electronic media.

  c. Some of the child pornography possessed by the defendant depicted prepubescent minors or minors less than 12 years of age.

  d. Some of the child pornography possessed by the defendant contained sadistic or masochistic conduct or other depictions of violence which would have been painful to the child.

### III.  SENTENCING GUIDELINES

7. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offenses of conviction for Counts 1 and 2 and provides for a base offense level of 32.

9. The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction for Count 7 and provides for a base offense level of 18.

## SPECIFIC OFFENSE CHARACTERISTICS

### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristics do apply:

Count 1

   a. the 4 level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

   b. the 2 level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act];

   c. the 4 level increase pursuant to Guidelines § 2G2.1(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence];

   d. the 2 level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense]; and

   e. the 2 level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

Count 2

   a. the 4 level increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

   b. the 2 level increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act];

   c. the 2 level increase pursuant to Guidelines § 2G2.1(b)(5) [the minor was in the custody and care of the defendant at the time of the offense]; and

  d. the 2 level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) [the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct].

Count 7

  a. the 2 level increase pursuant to Guidelines § 2G2.2(b)(2) [material involved a prepubescent minor or a minor under the age of 12 years];

  b. the 5 level increase pursuant to Guidelines § 2G2.2(b)(3)(B) [distribution for the receipt of a thing of value but not for pecuniary gain];

  c. the 4 level increase pursuant to Guidelines § 2G2.2(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence];

  d. the 5 level increase pursuant to Guidelines § 2G2.2(b)(5) (the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor);

  e. the 2 level increase pursuant to Guidelines § 2G2.2(b)(6) [offense involved use of a computer]; and

  f. the 5 level increase pursuant to Guidelines § 2G2.2(b)(7)(D) [offense involved 600 or more images].

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 1 is 46.

12. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 2 is 42.

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for Count 7 is 41.

### COMBINED ADJUSTED OFFENSE LEVEL

14. The government and the defendant agree that pursuant to Guidelines §§ 3D1.1, 3D1.2, 3D1.3, and 3D1.4, the offenses of conviction under Counts 1, 2, and 7 do not group together, and that it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 49.

### ACCEPTANCE OF RESPONSIBILITY

15. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 46.

**CRIMINAL HISTORY CATEGORY**

16. It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

**GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

17. It is the understanding of the government and the defendant that, with a total offense level of 46 and criminal history category of III, and taking into account the applicable statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 840 months (70 years), a fine of $25,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

18. The government and the defendant agree to correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to

recommend a sentence outside the Sentencing Guidelines range as limited by the statutory minimum and maximum terms of imprisonment. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

19. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### IV.   STATUTE OF LIMITATIONS

20. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the possession, receipt, distribution, and production of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which

the withdrawal of the guilty pleas or vacating of the convictions becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

21. The defendant understands that the government has reserved the right to:

    a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence;

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor;

    e.    oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

22. At sentencing, the government will move to dismiss the open counts of the Indictment in this action pending against the defendant.

23. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

24. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

25. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in

the law which the defendant believes would justify a decrease in the defendant's sentence.

26. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VII. COMPUTER FORFEITURE

27. The defendant agrees to criminally forfeit to the United States voluntarily all of his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title 18, United States Code, Section 2253(a)(1)and(3). These assets include:

1) HP desktop computer, bearing serial number 4CEO331NHB.

2) Seagate 1 TB hard drive, bearing serial number 9VP89TEF that contained images and videos of child pornography.

3) Seagate 250 GB external hard drive, bearing serial number 2GE24LHT.

4) Philips DVD-R that contained videos of child pornography.

28. The Forfeiture and Judgment of the above listed property will be referenced in the PRELIMINARY ORDER OF FORFEITURE. The defendant hereby waives any other notice of such Order.

29. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

30. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

31. The defendant agrees to the entry of orders of forfeiture for the aforementioned assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

32. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of assets as provided in this agreement.

### VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

33. This plea agreement represents the total agreement between the defendant, ROGER S. LUCZKOWIAK, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

```
                              WILLIAM J. HOCHUL, JR.
                              United States Attorney
                              Western District of New York


                     BY:      _____
                              AARON J. MANGO
                              Assistant U.S. Attorney

                              Dated: January 30, 2012
```

I have read this agreement, which consists of 18 pages. I have had a full opportunity to discuss this agreement with my attorney, John Humann, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

```
_____           _____
ROGER S. LUCZKOWIAK                 JOHN HUMANN, ESQ.
Defendant                           Attorney for the Defendant

Dated: January 30, 2012             Dated: January 30, 2012
```