IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

UNITED STATES OF AMERICA,

       -v-                 11-CR-392-S

ROGER S. LUCZKOWIAK,

           Defendant.
───────────────────────────────────


**GOVERNMENT'S MOTION FOR A**
**PROTECTIVE ORDER AND ORDER TO SEAL**


**THE UNITED STATES OF AMERICA**, by and through its attorneys, William J. Hochul, Jr. United States Attorney for the Western District of New York, and Aaron J. Mango, Assistant United States Attorney, hereby moves the Court for a protective order pursuant to Title 18, United States Code, §3509 (d) (1) and for an Order permitting the filing of thirteen victim impact statements under seal, for the reasons set forth below.


1.  On January 30, 2012, defendant ROGER S. LUCZKOWIAK plead guilty to 2 counts of Title 18 U.S.C. §2251(a) production of child pornography and 1 count of Title 18 U.S.C. § 2252A(a)(5)(B) possession of child pornography.  Sentencing is scheduled for May 15, 2012.


2.  Defendant ROGER S. LUCZKOWIAK knowingly possessed 599 images and 83 videos of children engaged in sexually explicit

conduct some of which depicted prepubescent minors and minors under the age of twelve years. Some of the images of child pornography contained children whose identity is known.

3. Child pornography images permanently memorialize the sexual exploitation of the victims depicted. These images are most often circulated on the Internet, allowing untold numbers of people to view this victimization again and again. Unfortunately, most of these children have never been identified. However, some children have been identified through efforts of law enforcement. Regardless of whether they have been identified, every child depicted in images of child pornography that have been distributed, received, or possessed in violation of Federal law as charged in Federal district court has been "directly and proximately harmed as a result of a commission of a Federal offense." Title 18 U.S.C. § 3771(e). Similarly, every child depicted in such images, regardless whether the images are the basis of federal charges, has "suffered direct physical, emotional, or pecuniary harm as a result of the commission of a crime." Title 42 U.S.C. §10607(e)(2).

4. The Government has complied with the Justice For All Act, Title 18 U.S.C. §3771 (b), by notifying the victims about the charges and plea. Some of the child victims and their guardians have submitted victim impact statements outlining how the

2

possession of their image has negatively affected them. Title 18 U.S.C. §3509(d) authorizes the filing under seal the name or any other information concerning a child.  Furthermore, Title 18 U.S.C. §3509 (d)(1) requires the Government, the defendant and defense counsel, among other things to "keep all documents that disclose the name or any other information concerning the child in a secure place and shall disclose the documents only to person who by reason of their participation in the proceeding have a reason to know the information."  Additionally, Title 18 United States Code §3771 (a) (8) makes clear that a victim has "the right to be treated with fairness and with respect for the victim's dignity and privacy." Since the victim impact statements contain the name of the child victims as well as other identifying and personal information, the government requests the Court seal the victim impact statements and issue a protective order limiting disclosure.  Furthermore, the government requests that any other victim impact statements received be allowed to be filed under seal and protected by limiting disclosure.

    5.   Pursuant to Title 18, United States Code, Section 3509 (d) it is further requested that the material and copies referenced in paragraph 4, shall not be disclosed to the media or any other person or entity except to those persons who, by reason of their participation in the proceeding, are entitled.  Nothing shall

prohibit a party from using the material in connection with the proceedings in this litigation, including appeal or any collateral enforcement proceedings.

6.    It is further requested that copies shall not be provided to third parties except those employed or engaged for the purpose of this litigation, who shall also be bound by order of the court.

7.    Finally, all copies should be returned to the United States Attorney's Office for appropriate destruction upon the conclusion of the case.

DATED:    Buffalo, New York, February 15, 2012.

Respectfully submitted,

WILLIAM J. HOCHUL, JR.
United States Attorney

*S/ AARON J. MANGO*

BY:    _____
AARON J. MANGO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 882
Aaron.j.mango@usdoj.gov

TO:  John Humann, Esq.
     U.S. Probation Office
      Attn: David Ball, USPO

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
———————————————————————————————

UNITED STATES OF AMERICA,

       -v-                                 11-CR-392-S

ROGER S. LUCZKOWIAK,

              Defendant.
———————————————————————————————

### CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2012, I electronically filed, with the Clerk of the District Court, the **GOVERNMENT'S MOTION FOR PROTECTIVE ORDER AND ORDER TO SEAL** using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:


                    John Humann, Esq.

                    U.S. Probation Office
                     Attn: David Ball, USPO


                    ***S/ KATHLEEN M. RIEMAN***
                    _____
                    KATHLEEN RIEMAN